## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMANTHA WEIL** | : |
| | : **CIVIL ACTION** |
| **PLAINTIFF** | : |
| | : |
| **v.** | : |
| | : **JURY TRIAL DEMANDED** |
| **WAYNE COUNTY,** | : |
| **CAROLINE SHIFLER, and** | : |
| **ANNA STEELMAN** | : |
| | : **NO. 3:22-CV-01597-JFS** |

## <u>ANSWER TO PLAINTIFF'S COMPLAINT<br>WITH AFFIRMATIVE DEFENSES</u>

Defendants, Wayne County, Caroline Shifler and Anna Steelman, by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, hereby file their Answer to Plaintiff's Complaint and state as follows

1. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

2. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

3. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

4. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

5. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

6. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

7. Denied as stated. It is admitted that following the Plaintiff's arrest she was incarcerated in the Wayne County Prison to answer to the bench warrants that were issued for her arrest.

8. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

9. The averments in this paragraph are denied as stated. Strict proof of these allegations is demanded.

10. Denied. It is specifically denied that Defendants suddenly and arbitrarily withheld Plaintiff's medications. The averments in this paragraph are therefore denied and proof is demanded.

11. Denied. It is specifically denied that Defendants withheld Plaintiff's medications. The averments in this paragraph are therefore denied and proof is demanded.

12. The averments in this paragraph are denied as stated. Strict proof of these allegations is demanded.

13. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

14. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

15. Denied. It is specifically denied that Defendants baselessly and cruelly withheld Plaintiff's medications. The averments in this paragraph are therefore denied and proof is demanded.

16. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

17. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

18. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

19. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

20. Answering Defendants are without sufficient information to either admit or deny the averments in this paragraph. Accordingly, the averments are denied and strict proof is demanded.

21. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

## JURISDICTION AND VENUE

22. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, it is admitted only that the allegations in the Complaint are brought via 42 U.S.C. § 1983, the

Americans with Disabilities Act 42 U.S.C. § 12101, and the Rehabilitation Act 29 U.S.C. § 701.

23. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, it is admitted only that the Court has jurisdiction over this action.

24. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, it is admitted only that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

25. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

26. Upon information and belief, admitted.

27. Upon information and belief, admitted.

28. Upon information and belief, admitted.

29. Upon information and belief, admitted.

## FACTUAL BACKGROUND

30. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

31. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

32. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

33. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

34. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

35. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

36. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

37. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

38. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

39. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

40. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

41. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

42. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

43. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

44. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

45. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

46. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

47. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

48. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

49. Admitted in part and denied in part. It is admitted that the Plaintiff had two warrants. The Defendants are without sufficient information to either admit or

deny if Plaintiff was in active addition at the time the warrants were issued, therefore this averment is denied.

50. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

51. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

52. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

53. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

54. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

55. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

56. Denied. It is specifically denied that the Plaintiff was arbitrarily and dangerously denied her medications.

57. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

58. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

59. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

60. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

61. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

62. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

63. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

64. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

65. Upon information and belief, admitted.

66. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

67. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

68. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

69. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

70. Denied. It is specifically denied that Plaintiff's pleas were met with derision and indifference.

71. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

72. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

73. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

74. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

75. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

76. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

77. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

78. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

79. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

80. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

81. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

82. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

83. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

84. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

85. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

86. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

87. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

88. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

89. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

90. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

91. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

92. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

93. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

94. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

95. Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

96. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

97. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

98. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

## COUNT ONE
Inadequate Medical Care
Plaintiff v. All Individual Defendants
(42 U.S.C. § 1983)

99. Answering Defendants hereby incorporate by reference their answers to the preceding paragraphs as if each were set forth fully at length.

100.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

101.  Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

102.  Denied. It is specifically denied that Plaintiff's medical conditions and serious medical needs were apparent and known by all Individual Defendants.

103.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

104.  Denied. It is specifically denied that all Individual Defendants encountered Plaintiff, observed her emergent medical state and did nothing.

105.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

106.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

**COUNT TWO**
Inadequate Medical Care
Plaintiff v. the County
(42 U.S.C. § 1983)

107.  Answering Defendants hereby incorporate by reference their answers to the preceding paragraphs as if each were set forth fully at length.

108.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

109.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

110.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

111.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

112.  Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

113.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

114.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

115.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

116.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

**COUNT THREE**
Failure to Intervene
Plaintiff v. All Individual Defendants
(42 U.S.C. § 1983)

117.  Answering Defendants hereby incorporate by reference their answers to the preceding paragraphs as if each were set forth fully at length.

118.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

119.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

120.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

121.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

122.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

123.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

124.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

125.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

126.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

## COUNT FOUR
Plaintiff v. the County
(Americans with Disabilities Act)

127.  Answering Defendants hereby incorporate by reference their answers to the preceding paragraphs as if each were set forth fully at length.

128.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded. By way of further response, Answering Defendant is without sufficient information to either admit or deny that the Plaintiff suffers from a "disability." Strict proof is demanded.

129.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded. By way of further response, Answering Defendant is without sufficient information to either admit or deny that the Plaintiff suffers from a "disability." Strict proof is demanded.

130.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded. By way of further response, Answering

Defendant specifically denies that the Plaintiff was denied the benefits of the Prison's medical programs on the basis of her "disability."

131.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded. By way of further response, Answering Defendant specifically denies that the Plaintiff was not provided reasonable accommodations for her alleged disability.

132.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

133.  Denied. It is specifically denied that Answering Defendant knew of the Plaintiff's alleged disability.

134.  Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

135.  Answering Defendants are without sufficient knowledge to either admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded.

136.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are

denied and strict proof is demanded. By way of further answer it is specifically denied that Defendants arbitrarily and abruptly stopped Plaintiff's medications and allowed her to critically deteriorate without her medications.

137.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

138.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

### COUNT FIVE
Plaintiff v. the County
(Rehabilitation Act)

139.  Answering Defendants hereby incorporate by reference their answers to the preceding paragraphs as if each were set forth fully at length.

140.  Upon information and belief, admitted.

141.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

142.  The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

**WHEREFORE**, Answering Defendants respectfully request this Honorable Court dismiss Plaintiff's Complaint and enter judgment in their favor.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint fails to state a claim upon which punitive damages can be awarded against Wayne County, Caroline Shifler, and Anna Steelman.

3. Plaintiff is not "disabled" as defined by the Americans with Disabilities Act and/or Rehabilitation Act.

4. Plaintiff's claims are precluded by the doctrine of qualified immunity.

5. Defendants are entitled to absolute immunity.

6. Plaintiff's claims are barred by the Political Subdivision Tort Claims Act.

7. Plaintiff's injuries, if any, may be attributable to Plaintiff's own contributory negligence.

8. Plaintiff's injuries, if any, may have been caused by individuals over whom Defendants lacked authority or control.

9. Plaintiff's claims may be barred, in whole or in part, by any and all applicable statutes of limitations.

10. Defendants, to the extent they are alleged to have been acting in their official capacities, are immune from punitive damages.

11. Plaintiff's damages, as alleged, were caused by Plaintiff's own willful and malicious conduct and/or negligence, reckless, intentional and/or criminal conduct, and not by the conduct of Defendants.

12. Defendants assert all statutory and common law immunities available to them under the Civil Rights Act of 1871, and subsequent case law.

13. Defendant's actions were reasonable, necessary and prudent given the circumstances existing at the time of the incident described in Plaintiff's Complaint and, therefore, the actions and conduct of Defendants were justified.

14. All policies, procedures and customs of Defendant, Wayne County, are in accordance with all laws, rules, regulations, statutes and the Constitution of the United States and the Commonwealth of Pennsylvania.

15. Plaintiff's Complaint fails to plead or prove a legitimate, sufficient and/or viable official policy or custom sufficient to support municipal liability against Wayne County.

16. Negligence and/or careless on the part of Defendants is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

17. No act, or omission by Defendants was the proximate cause or the legal cause of any damage allegedly sustained by Plaintiff, constituting a complete defense to this action.

18. The doctrine of *respondeat superior* is not applicable to any action brought under 42 U.S.C. § 1983.

19. With respect to the claims brought under the ADA and the RA, Defendants did not discriminate against Plaintiff because of any actual or perceived disability.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

By: _____

    Mark J. Kozlowski, Esquire
    Attorney I.D. No:  PA 308676
    P.O. Box 3118
    Scranton, PA  18505-3118
    (570) 496-4600
    *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMANTHA WEIL | : |
| | : CIVIL ACTION |
| PLAINTIFF | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| WAYNE COUNTY, | : |
| CAROLINE SHIFLER, and | : |
| ANNA STEELMAN | : |
| | : NO. 3:22-CV-01597-JFS |

## CERTIFICATE OF SERVICE

I, Mark J. Kozlowski, Esquire, do hereby certify that a true and correct copy of

the foregoing Answer with Affirmative Defenses was served upon all parties CM/ECF

on the 16th day of December, 2022 at the following addresses:

Barry H. Dyller
Matthew L. Clemente
Gettysburg House, 1st Floor
88 North Franklin Street
Wilkes-Barre, PA 18701

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN


By: _____
     Mark J. Kozlowski, Esquire
     Attorney I.D. No:  PA 308676
     P.O. Box 3118
     Scranton, PA  18505-3118
     (570) 496-4600
     *Counsel for Defendants*
